IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL PAUL BRADLEY,<br><br>Petitioner<br><br>VS.<br><br>DONALD BARROW, Warden,<br><br>Respondent | NO. 3:10-CV-31 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is respondent Donald Barrow's motion seeking dismissal of the above-captioned petition. Tab #15. Therein, respondent Barrow contends that the instant petition should be dismissed as untimely according to the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d). Petitioner Michael Paul Bradley has filed a response to the respondent's motion. Tab #17. The motion is now ripe for review.

**FACTUAL AND PROCEDURAL HISTORY**

On April 24, 1996, petitioner Bradley was indicted by the Greene County Georgia Grand Jury for the offenses of kidnaping with bodily injury, aggravated assault, and criminal attempt to commit theft by taking a motor vehicle. On February 16, 1998, pursuant to a negotiated plea agreement, he pled guilty to all three (3) offenses. He was sentenced to life imprisonment plus twenty (20) years. The petitioner did not seek any direct appeal.

On October 22, 2007, the petitioner filed a **state** habeas corpus action in the Superior Court of Washington County, Georgia. This action was denied in an order filed on February 6, 2009. On June 29, 2009, the petitioner's subsequently filed application for a certificate of probable cause to appeal the denial of **state** habeas corpus relief was denied by Supreme Court of Georgia. On April 28, 2010, the petitioner executed the instant **federal** petition. Thereafter, on August 3, 2010, the respondent filed the within motion seeking dismissal.

## LEGAL STANDARDS

In pertinent part, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

>   *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
>   *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
>   *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
>   *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

In support of his motion seeking dismissal, respondent Barrow contends that the petitioner's February 16, 1998 guilty plea convictions became final on March 18, 1998, the date upon which the thirty (30) day time period for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 expired. The respondent next notes that, in accordance with the relevant provisions of 28 U.S.C. §2244(d), the petitioner had until no later than March 18, 1999 to file a **federal** petition or toll the applicable period of limitations by filing a state collateral attack. According to the respondent, the petitioner did neither. Indeed, at the time the petitioner filed his October 22, 2007 **state** habeas corpus petition, the one (1) year period of limitations had long since expired. Consequently, the respondent reaffirmed his contention that the petitioner 's subsequently filed **federal** petition is untimely and should, therefore, be dismissed with prejudice.

In his response, petitioner Bradley argues, *inter alia*, that he was somehow prevented from timely filing due to circumstances involving the fact that he was tried by the same prosecutor in two different counties for offenses arising from the same transaction. Having reviewed these arguments, the undersigned finds them to be neither responsive nor compelling. In the instant case, the respondent properly raised the affirmative defense that the instant petition was untimely filed. Petitioner Bradley has failed to demonstrate that the applicable period of limitations was tolled either equitably or statutorily.

As such, and in view of the above, the undersigned finds the respondent's analysis of the application of the one (1) year limitations period to petitioner's case to be persuasive. The amount of untolled time that expired between the petitioner's conviction becoming final and his execution of the instant **federal** petition totaled four-thousand-four-hundred-twenty-four (4424) days. Because this amount of time clearly exceeds the one (1) year period of limitations, petitioner's subsequently filed **federal** habeas corpus petition is untimely.

Accordingly, **IT IS RECOMMENDED** that the respondent's motion seeking dismissal be **GRANTED** and that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **last address** provided by him.

**SO RECOMMENDED**, this 14th day of OCTOBER, 2010



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE